**No. 53809.**—Dixie Bottle & Beverage Company *v.* United States, protest 136075–K (Savannah).

JOHNSON, Judge:  In this action the plaintiff contends that refund in duties should have been made because of losses by outage of approximately 150.29

gallons of tequila. The collector assessed duty upon the quantity of spirits delivered into warehouse.

At the trial it was disclosed that the spirits were repacked in warehouse from bottles containing four-fifths of a quart to half-pint bottles. During the repacking process the quantity in question was lost. All of the papers in the case were admitted in evidence. Counsel for the Government admitted that all of the regulations of the Treasury Department had been complied with. It was also agreed that the quantity of 150.29 gallons, although imported and entered for warehousing, was not withdrawn for consumption.

At the time the protest in this case was filed, January 26, 1948, duty was properly assessable upon the quantity of tequila entered for warehousing. See *United States* v. *Siegfried Lowenthal Co.*, 31 C. C. P. A. 19, C. A. D. 244. However, Congress enacted Public Law 612, approved June 8, 1948, which amended the Tariff Act of 1930, by substituting new language for that originally used in paragraph 813, as follows:

PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

Public Law 612 further provided that the amendment was effective and applicable to any such merchandise entered or withdrawn from warehouse before the effective date of the amendment "with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to the dutiable quantity has not become final by reason of section 514, Tariff Act of 1930." For the reason that the plaintiff had filed a protest under the provisions of section 514 (which automatically prevented the decision of the collector from becoming final and conclusive until his action had been reviewed and passed upon by the courts), the plaintiff is now entitled to a refund of duties collected upon the 150.29 gallons in question. See this court's decision in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, wherein it was held that duty is assessable only upon the quantities subject to the final assessment of internal revenue taxes.

For the reasons stated, judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry in accordance with the provisions of Public Law 612, and make refund of all duties taken upon quantities in excess of the quantities upon which internal revenue taxes were finally assessed, which, in the instant action, is agreed to be 150.29 gallons.